K. O. GATES and Louise Smalling, Plaintiffs in Error,

v.

Rex F. CURRY, The Carter Oil Company, and C. E. McCaughey, Defendants in Error.

No. 34516.

Supreme Court of Oklahoma.

Nov. 8, 1955.

As Corrected Sept. 17, 1956.

Rehearing Denied Sept. 18, 1956.

Chas. L. Orr, Oklahoma City, T. H. Ottesen, Sulphur, for plaintiffs in error.

Garvin & Shumate, Pauls Valley, ıor defendant in error Rex F. Curry.

Curtis. & Blanton, Pauls Valley, Forrest M. Darrough, Walter Davison, and Varley H. Taylor, Tulsa, for defendant in error Carter Oil Co.

Brown & Verity, Oklahoma City, for defendant in error C. E. McCaughey.

Orel Busby, and Harrell & Trice, Ada, Woodford & Ballinger, Warren & Warren, C. H. Baskin, James W. Rodgers, James W. Rodgers, Jr., and Bob Rives, Holdenville, James B. Sandlin, Tulsa, W. M. Haulsee, Wewoka, Stanley Cunningham, Tishomingo, I. O. Correll, Atoka, I. C. Saunders, Shawnee, Paul & McPheron, Durant, Haskell Paul, Pauls Valley, R. M. Mountcastle, Muskogee, W. F. Semple, Tulsa, H. A. Ledbetter, Ardmore, amici curiae.

Geo. B. Schwabe, Jr., Regional Solicitor, and Jesse L. Ballard, Assistant Regional Solicitor, Tulsa, and Billie W. Crain, Field Solicitor, Muskogee, for Douglas McKay, Secretary, United States Department of the Interior, amicus curiae.

BLACKBIRD, Justice.

The plaintiff, Rex F. Curry, brought this suit to quiet his title to an undivided interest in a 140-acre tract of land in Garvin County, Oklahoma, as against the claim of title to an undivided one-twelfth interest therein asserted by the defendants Louise Smalling (claiming ownership), and K. O. Gates (claiming an equity), and Louie Winship (Louise Smalling's grantor). Because the latter was a three-quarter blood Choctaw Indian, the United States was made a party defendant. The defendants, Gates and Smalling, filed an answer and cross petition containing allegations which necessitated the trial court's order making C. E. McCaughey and The Carter Oil Company, a corporation, additional parties. The Government elected not to remove the cause to the Federal Court and the defendant, Winship, defaulted. Judgment was for Curry, McCaughey and The Carter Oil Company. The defendants Gates and Smalling appeal. The parties will be referred to as they appeared in the trial court. The facts, established by stipulation and exhibits, present for determination the applicability, and effect thereon, of the proviso in Sec. 1 of the Act of Congress of January 27, 1933, **47 Stat.L. 777,** which reads as follows:

"Provided, That where the *entire interest* in any tract of restricted and tax-exempt land belonging to members of the Five Civilized Tribes **is** acquired by inheritance, devise, gift, or purchase, with restricted funds, by or for restricted Indians, *such lands* shall remain restricted and tax-exempt during the life of *and as long as held* by such restricted Indians, but not longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law: * * *." (Emphasis ours.)

The relevant undisputed facts, as shown by the parties'. stipulation, are substantially as hereinafter set forth: The land interest involved was a part of the allotment of Sallie Lowman, a full blood and restricted member of the Choctaw Tribe of Indians. Said allotment was tax-exempt, having been certified as such in accord with the Act of Congress of May 10, 1928, 45 Stat.L. 495. The allottee died intestate on November 3, 1933, leaving as surviving heirs at law a second husband, Willy Battiest, daughters, Catherine and Louisa Taylor, and three other adult heirs, each of whom was a full blood Choctaw, and inherited an undivided one-sixth interest in said decedent's allotment.

On February 8, 1934, the surviving husband, Willy, and daughter, Catherine, conveyed their composite one-third undivided interest by court-approved warranty deed, to K. O. Gates, who was not of Indian blood. (Said interest thereupon became unrestricted and taxable.)

Subsequently, on August 22, 1937, the other above-named daughter, Louisa Taylor, then Winship, while still seized of her undivided one-sixth interest in the Sallie Lowman allotment, died, leaving said interest in equal shares, of an undivided

one-twelfth each, to her three-quarter blood Choctaw Indian husband, the defendant Louie Winship, and her seven-eighths blood Choctaw daughter, Flora May Winship.

The only interest in the Sallie Lowman allotment involved here is the above-mentioned undivided one-twelfth interest Louie Winship inherited, as aforesaid, through his wife, the allottee's daughter. Louise Smalling claims this interest through a warranty deed dated June 6, 1940, Winship purportedly executed and delivered to her. This deed was never approved by the county court. Plaintiff claims title to the same interest through a deed dated November 12, 1946, executed by Winship, and approved by the county court. McCaughey's claim is based upon a subsequent mineral conveyance from plaintiff. The Carter Oil Company claims by assignment an oil and gas lease covering said interest executed by Winship, more than a month previously, and approved by the county court.

Whether the trial court correctly upheld the claimed rights and title of plaintiff, McCaughey, and The Carter Oil Company, instead of the claimed rights and title of Louise Smalling and K. O. Gates, to the one-twelfth interest in the Sallie Lowman allotment Winship inherited through his wife, as aforesaid, depends upon whether said interest, at the time he executed the deed to Louise Smalling, was restricted. This question in turn hinges upon the proper interpretation of the above-quoted proviso of the 1933 Congressional Act, supra. The correct meaning of the term "entire interest", as used in the quoted proviso, could furnish a key to the solution of the question herein presented.

■ Prior to Sallie Lowman's death she fully owned this tract of land and it was restricted and tax exempt. When she died the entire interest in the tract of land was inherited by restricted Indians and held by restricted Indians and therefore they held it subject to restrictions, and tax exempt, by reason of the above quoted Congressional Act; that is, because the entire interest was inherited by and held by restricted Indians, each of said heirs held his or her inherited interest subject to such restrictions and tax exempt. So it was that Louisa Taylor acquired and held her one-sixth interest in this tract of land subject to such restrictions, and tax exempt.

But as above pointed out, we are here concerned only with the applicability of the quoted Act to the inheritance by Louie Winship of a one-twelfth interest in the tract of land involved. At that time the entire interest in this tract of land was not owned or held by restricted Indians as pointed out in the above fact statement. It therefore must be apparent that the facts do not bring this Louie Winship inheritance under the provisions of the quoted Act, and that inherited interest was not restricted by the provisions of that Act when, after his wife Louisa died, he, Louie executed his first deed to his inherited part of this tract of land. With reference to this and related matters, see Brown v. Stufflebean, 10 Cir., 187 F.2d 347; Glenn v. Lewis, 10 Cir., 105 F.2d 398; U. S. v. Easley, D.C.E.D.Okl., 33 F.Supp. 442; U. S. v. Watashe, 10 Cir., 117 F.2d 947.

■ Nor do we think this conclusion is affected by the subsequent Act of August 4, 1947, 61 Stat. 731. As said in Brown v. Stufflebean, supra, the latter Act is "not a construction of the 1933 Act" [187 F.2d 356.] The 1947 Act can have no proper bearing upon the question here involved, and, as pointed out in the cited case, the latter Act was not retroactive.

In accord with our conclusion that at the time of its first conveyance the Louie Winship interest was unrestricted, the judgment of the trial court is reversed, and this cause is remanded with directions to enter judgment for the defendants, Louise Smalley and K. O. Gates.

JOHNSON, C. J., and WELCH, DAVISON and JACKSON, JJ., concur.

CORN and HALLEY, JJ., dissent.